UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERITAS INSURANCE CORPORATION
as subrogee of the REGENTS OF THE
UNIVERSITY OF MICHIGAN and the
REGENTS OF THE UNIVERSITY OF
MICHIGAN,

        Plaintiffs,        CASE NUMBER: 11-11645
                                HONORABLE VICTORIA A. ROBERTS

v.

PEAKER SERVICES INCORPORATED,

        Defendant.
_____/

## ORDER

On April 1, 2011, Plaintiffs Veritas Insurance Corporation and the Regents of the University of Michigan filed suit in Washtenaw County Circuit Court against three defendants, Peaker Services Incorporated ("Peaker"), St. Paul Protective Insurance Company ("St. Paul"), and Travelers Property Casual Company of America ("Travelers") ("the original defendants").

On April 15, 2011, the original defendants removed the case from Washtenaw County Circuit Court. (Doc. # 1).  They said this Court has diversity jurisdiction under 28 U.S.C. § 1332.  The original defendants moved to sever counts one and two into separate lawsuits.  (Doc. # 2).  Plaintiffs moved the Court to remand the action to state court based on lack of subject matter jurisdiction because the parties are not completely diverse.  (Doc. # 6).  Subsequently, Plaintiffs voluntarily dismissed St. Paul and Travelers, leaving Peaker as the sole Defendant and Count I as the sole cause of

action. (Doc. #s 14 and 15). On June 13, 2011, without the permission or request of the Court, Plaintiffs filed a Supplemental Reply Brief in Support of Motion to Remand to State Court. (Doc. # 16). They argued that Peaker, as a Michigan corporation and "citizen" for the purposes of diversity of citizenship, did not have the right to remove under 28 U.S.C. § 1441(b).

Plaintiff's motion to remand is **GRANTED**. Section 1441(b) bars removal by a citizen of the forum state regardless of whether there is complete diversity between the parties. It provides that actions based on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The removal statute is jurisdictional and must be strictly construed. *Wilson v. U.S. Dept. Of Agriculture, Food and Nutrition Serv.*, 584 F.2d 137, 142 (6th Cir. 1978). As such, Plaintiffs did not waive their right to challenge jurisdiction by failing to make this argument in their motion to remand. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."). The matter is **REMANDED** to state court for further proceedings.

IT IS ORDERED.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 14, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 14, 2011.

s/Linda Vertriest
Deputy Clerk